Frost J.
delivered the opinion of the Court.
The evidence shows that Huggins was authorized to settle the business of the firm, and for that purpose to use the partnership name; and the principal question presented by the appeal is, whether, from this agreement, the jury might infer an authority to Huggins to sign the partnership name to renewals of a note which had been discounted in bank, before the dissolution. It is clear, that the mutual agency of the partners, which is created by the partnership, ceases when it is dissolved; and that, after the dissolution, neither can make a note or any other-contract, binding on the other partners, unless he is authorized by them to do so. It is not necessary that this authority should be created by a special power of attorney, or other written instrument, but may be conferred by parol. The transactions of trade by their daily frequency and necessary promptness, do not admit of formal and precise stipulations. Usage and the custom of merchants, to a great extent, determine the import and effect of brief expressions; and good faith, the necessary element of trade, must supply, from the character and objects of the agreement, the intention of the parties. To give to the agreement between Stein & Huggins no other meaning than that Huggins might use the partnership name, for the collection of the assets and payment of the debts of the firm, would in effect make it senseless, since the law conferred those powers, without the consent of the parties: and to construe the notice, that the partnership name might be used only in the settlement of the business, to be merely restrictive of its use for any other purpose, would be equally unmeaning, since the law and the very nature of the power imposed that restriction. It is not to *478 be presumed that the parties were unapprised of the law so nearly affecting their interests, nor that, with sucli knowledge, they made so unmeaning an agreement.
What acts, then, might Huggins do under the authority to use the name of the partnership, in the settlement of its affairs? It seldom happens that the affairs of a partnership can be closed by the collection of its assets, with sufficient promptness to pay its debts as they become due. The arrangements necessary to meet this state of their affairs must necessarily be considered by the partners when providing for a settlement of them. Most traders depend on the banks for pecuniary means; and the short periods of credit they give would present large demands against a partnership, payable within a short period after its dissolution. Notes and bills are the securities on which loans are made. If the name of the partnership was intended to be used for any other purpose than collection and payment, it must have been the design of the parties that it should be employed to promote an advantageous settlement of its business. The most obvious measure would be, to procure the forbearance of creditors from suit and its ruinous consequences, until the assets could be collected. This forbearance can be obtained from banks, only, or at least most readily, by the renewal of the notes. The act of renewing a discounted note by one partner, after dissolution, would conform to the previous course of business, and could not prejudice the others, being, in effect, only the subst tution of a new security for an undisputed debt; and the objection to the liability of all the partners, would be, in most cases, as it is in this, stricti juris.
This view of the case is supported by authority. When the retired partner stated that he had left the assets of the firm in the hands of the continuing partner, for the purpose of winding up the concern, and that he had no objection to his using the partnership name; it was held, that the jury were warranted in finding that the continuing partner had authority to indorse promissory notes, so left in his hands, in the partnership name. Smith v. Winter, 4 Muson & Welsby, Exch. Rep., 453. And in Barton v. Issett, 5 Barn. & Ald., 267, by the deed of dissolution, power was given to the remaining partners to use the name *479 of the outgoing partner in the prosecution of all suits, brought and to be brought for the recovery of partnership property; it was held, that the authority given warranted them in signing a note for the maintenance, in jail, of a debtor who was in custody at their suit. If Huggins had authority to sign the note, the plaintiff’s right to recover cannot be affected by his neglect to apply the assets in the manner which had been agreed.
The motion is refused.
Richardson J., Wardlaw J., and Withers J., concurred.